925 So.2d 373 (2006)
Robert A. ROBINSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D06-205.
District Court of Appeal of Florida, Fifth District.
March 3, 2006.
Rehearing Denied April 6, 2006.
*374 Robert A. Robinson, Bonifay, Pro Se.
No Appearance for Respondent.
PER CURIAM.
Robert A. Robinson seeks to invoke this Court's jurisdiction by virtue of the all writs provision found in article V, section 3(b)(7), of the Florida Constitution, by filing a "Writ of Habeas Corpus Under Jurisdictional Defect Act."[1] Our review of Robinson's petition demonstrates that his petition is merely an attempt to "bypass the trial court and raise post-conviction claims directly in the appellate court." Maddox v. State, 813 So.2d 138 (Fla. 5th DCA 2002) (dismissing petition to invoke all writs jurisdiction where grounds raised should have been brought on direct appeal or in a prior motion for postconviction relief).
Robinson has previously filed at least one motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. The trial court denied that motion and this Court affirmed on appeal. See Robinson v. State, 827 So.2d 1014 (Fla. 5th DCA 2002) (Table). Robinson also filed an original jurisdiction petition for writ of habeas corpus, which this Court denied on November 23, 2004. See Robinson v. State, 5D04-3624 (Fla. 5th DCA Nov. 23, 2004).
Robinson's petition raises two alleged "jurisdictional defects." First, Robinson alleges that his conviction should be reversed because the charging document was not signed by a duly designated assistant state attorney. This issue could and should have been raised in a motion to dismiss, and then on direct appeal. Further, in the postconviction context, this issue could and should have been raised in Robinson's rule 3.850 motion. See Fla. R.Crim. P. 3.850(a)(2). Moreover, a review of this Court's records demonstrates that this is the same issue that Robinson *375 raised in his previous unsuccessful petition for writ of habeas corpus, which this Court denied in case no. 5D04-3624.
The other jurisdictional defect alleged by Robinson relates to what he characterizes as the State's failure to charge all instances of sexual battery at one time. Robinson's argument appears to be that the charging document failed to include, as a specific charge, the lesser included offense of attempted sexual battery of a child under 12, for which he was convicted in count II. This claim is without merit. See Fla. R.Crim. P. 3.510(a). If the claim had merit, it too could and should have been raised on direct appeal or in a motion for postconviction relief.
As the two-year limitation period for filing a rule 3.850 motion has expired,[2] it appears that Robinson is utilizing the all writs argument in an attempt to circumvent the rule's limitation period. We, therefore, dismiss Robinson's petition.
PETITION DISMISSED.
ORFINGER, TORPY and LAWSON, JJ., concur.
NOTES
[1] Article V, section 3(b), of the Florida Constitution relates solely to the jurisdiction of the Supreme Court of Florida. Presumably, Robinson's intent is to invoke this Court's all writs jurisdiction pursuant to article V, section 4(b)(3).
[2] See Fla. R.Crim. P. 3.850(b).